Filed 5/7/15  P. v. Lesopravsky CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENT LESOPRAVSKY,<br><br>    Defendant and Appellant. | B258720<br><br>(Los Angeles County<br>Super. Ct. No. LA074488) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Joseph A. Brandolino, Judge.  Affirmed.

Michele A. Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Kent Lesopravsky pleaded no contest to one count of evading an officer in violation of Penal Code[1] section 2800.2, subdivision (a), one count of driving under the influence of alcohol or drugs in violation of Vehicle Code section 11352, subdivision (a) and one count of driving under the influence while having a .08 percent or higher blood alcohol content in violation of Vehicle Code section 11352, subdivision (b). Appellant admitted that he had suffered a prior strike conviction within the meaning of sections 1170.12 and 667, subdivision (d). Appellant also admitted that he was released on bail or his own recognizance in another case or cases when the crimes in this case occurred, within the meaning of section 12022.1. In addition, appellant admitted that he had violated probation in case number LA066960, a case which had apparently been transferred from Orange County.

Appellant's plea was entered on May 21, 2014. The trial court continued sentencing for three months, to allow the court in case number PA077147 to determine the disposition in that case. Appellant had entered an open plea in that case. The court in PA077147 ultimately sentenced appellant to a term of eight years in state prison, consisting of the upper term of four years for appellant's conviction for transportation of marijuana, doubled pursuant to the three strikes law. The court also sentenced appellant to a concurrent term of four years for conviction for evading an officer, consisting of the mid-term of two years doubled pursuant to the three strikes law. Appellant appealed from the judgment in case number PA077147. That judgment was affirmed on March 12, 2015 in case number B257343.

On August 21, 2014, the trial court in this matter held a sentencing hearing. Appellant was represented by private counsel, and had been since well before his plea in this matter. The court denied appellant's motions to continue the hearing and for reappointment of the alternate public defender, finding the request was made for purposes of delay. The court struck appellant's prior strike conviction and sentenced him to a term of eight months (one-third the mid-term) for his evading conviction, to run consecutively

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

to his sentence in case number PA077147. The court imposed a concurrent term of six months for the Vehicle Code section 11352, subdivision (a) conviction. The court also imposed a six month term for the Vehicle Code section 11352, subdivision (b) conviction, stayed pursuant to section 654. The court also imposed a concurrent term of three years in case number LA066960, the probation case transferred from Orange County, to run concurrently with the sentence in case number PA077147.

Appellant filed a request for a certificate of probable cause to appeal the August 21, 2014 denial of his motions to continue and for reappointment of the alternate public defender. The request was denied.

Appellant appeals from the judgment of conviction. Finding no error, we affirm

Facts[2]

On June 7, 2013, at 12:18 a.m., California Highway Patrol Officer Steve Valadez and his partner were on patrol on the 101 freeway just south of the transition to the 170 freeway when they were passed on their right side by a silver Prius travelling at about 80 miles per hour. The Prius drove onto the 170 freeway and sped up to about 90 to 100 miles per hour. Officer Valdez turned on the emergency lights and siren on the marked vehicle and followed the Prius. The Prius left the freeway at the Riverside exit, went through a red light, drove the wrong way, drove over a median and got two flat tires. The Prius continued driving on surface streets at about 60 to 65 miles per hour, narrowly missing colliding with several other vehicles before getting back on the 170 freeway. The Prius then came to a stop at the Oxnard off-ramp. The pursuit lasted between five and ten minutes.

Officer Valadez went to the driver's side of the stopped Prius and his partner went to the passenger's side. Appellant got out, did not initially obey commands and was eventually handcuffed and taken to the patrol vehicle. Appellant smelled strongly of

_____

[2] The facts are taken from the preliminary hearing in this matter.

3

alcohol, had poor balance and made irrational comments. Officer Valadez formed the opinion that appellant was severely intoxicated.

The officers pushed the now disabled Prius down the Oxnard off-ramp and off the freeway.[3] Officer Valadez then attempted a field sobriety test, but was only able to do one test because appellant stated he was unable to stand. The officers took appellant to the Van Nuys Los Angeles Police Department station, where he agreed to take a blood test. Officer Valadez observed appellant's blood being drawn. An analysis of that blood revealed a blood alcohol content of .15 percent.

Discussion

Appellant filed a timely notice of appeal, and we appointed counsel to represent him on appeal. Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On December 5, 2014, we advised appellant he had 30 days in which to personally submit any contentions or issues which he wished us to consider. Appellant has filed multiple handwritten letter briefs with this court, on December 18, 2014, January 12, 2015, January 20, 2105 and March 27, 2015. All the briefs raise issues concerning not just this case, but other cases in which appellant has been involved as well. The December 18 and January 12 briefs were also filed in case number B257343, which is an appeal from appellant's conviction in case number PA077147.[4]

We summarize and consider only those issues which are relevant to appellant's appeal in this case, which is an appeal from case number LA074488.

---

[3] The probation report in this matter states that about 134 grams of marijuana were found in the trunk of the Prius. Officer Valadez did not mention marijuana at the preliminary hearing, and the information does not charge appellant with any crime involving marijuana.

[4] It appears the brief filed on January 12 in this case was originally filed on December 26 in case number B257343.

Appellant contends the record on appeal is incomplete. On January 16, 2015, as a result of the efforts of appellant's appointed counsel, the record on appeal was augmented with a copy of the abstract of judgment. Other missing documents identified by appellant, such as notes, are not generally a part of the record on appeal. (Cal. Rules of Court, rule 4.411(c).) Thus, the record in this matter is complete.

Appellant raises various matters which relate to his innocence or guilt in this matter. For example, appellant contends that he did not attempt to evade CHP officers, but pulled over as soon as they turned on their lights and sirens. Since appellant pled guilty, these claims are not cognizable on appeal. (See *People v. Hoffard* (1995) 10 Cal.4th 1170, 1177-1178 [because a plea admits every element of the crime and constitutes a conviction, "issues going to the determination of guilt or innocence are not cognizable on appeal" from a plea].)

Appellant makes numerous complaints about his trial counsel, virtually all of which involve counsel's ineffectiveness in failing to obtain or enforce a more favorable plea agreement. (*Missouri v. Frye* (2012) ___ U.S. ___ [132 S.Ct. 1399, 1405-1408]; *Strickland v. Washington* (1984) 668, 687.) Appellant received a very favorable sentence in this matter. There is nothing in the record to show that an even more favorable plea agreement was reached in this case, but counsel failed to enforce it. If such an agreement exists, it involves matter outside the record and can be raised, if at all, in a petition for writ of habeas corpus. (*People v. Williams* (2013) 56 Cal.4th 630, 690-691; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Appellant appears to contend his plea was not knowing or voluntary. The record does not support this contention. The prosecutor advised appellant of his rights to jury trial, to confront witnesses, to present a defense and against self-incrimination. Appellant stated that he understood and waived each of those rights. The prosecutor also fully advised appellant of the consequences of his plea. Appellant stated that he understood those consequences, and was entering his plea freely and voluntarily. Thus, the record clearly and affirmatively shows appellant's plea and admissions were voluntary and

intelligent under the circumstances. (*People v. Howard* (1992) 1 Cal.4th 1132, 1175; *People v. Mosby* (2004) 33 Cal.4th 353, 359-360.)

Appellant contends he should have been permitted to withdraw his no contest plea because he changed his mind, wanted to prove his innocence and because his sentence did not reflect his plea agreement. A plea may not be withdrawn simply because a defendant has changed his mind. (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415-1416.) The record shows that appellant entered an open plea in this matter, and was advised that his total potential sentence in this case was 11 years 6 months. The trial court imposed its indicated sentence of an eight month term in this case, to run consecutively to appellant's sentence in case number PA077147. It is hard to imagine a more lenient sentence in this matter. Even if appellant can imagine such a sentence, he is not entitled to withdraw his plea because he did not get the lenient sentence of his imagination. (*Id*. at pp. 1416-1417.)

Appellant appears to contend the trial court erred in denying his motion to continue the sentencing hearing and reappoint the alternate public defender. Appellant sought both motions for the stated purpose of having case number PA077147 brought before the trial court in this matter "and possibly get a suspended sentence or more time in here to drop my other time of eight years" so that appellant could enroll in a drug rehabilitation program. As the trial court correctly pointed out, appellant had already been sentenced in that case, and appellant's remedy was to appeal in that case. The trial court found that appellant was not happy with his attorney "because you're not willing to face what you should be facing in all your cases . . . I don't see anything that any of your counsel has done at any time that's been problematic . . . ." Thus, the trial court did not err in denying appellant's motions.

Appellant claims he is eligible for resentencing under Proposition 47. He is not. Proposition 47 applies to defendants who have been convicted of violations of Health and Safety Code sections 11350, 11357, or 11337 or Penal Code sections 459.5, 473, 476a, 490.2, 496 or 666. (Pen. Code, § 1170.18, subd. (a).) Appellant has no such convictions in this case.

6

To the extent appellant contends the prosecutor and/or the trial court committed misconduct, the record does not show any such misconduct.  Further, appellant's lack of objection on those grounds forfeited any such claims.  (See *People v. Adams* (2014) 60 Cal.4th 541, 568 [prosecutorial misconduct]; *People v. Maciel* (2013) 57 Cal.4th 482, 533 [judicial misconduct].)

To the extent appellant contends a competency hearing was required but omitted, he is mistaken.  A competency hearing is required only when there is substantial evidence that raises a reasonable doubt about a defendant's competence to stand trial.  (Pen. Code, § 1368, subd. (a).)  There is no such evidence in this case.

Appellant contends his car was "illegally pushed" off the freeway and damaged, and property was stolen from his car by a CHP tow truck driver.  There is nothing in the record to support such claims.  They can be raised, if at all, in a petition for writ of habeas corpus.  (*People v. Williams, supra,* 56 Cal.4th 630 at pp. 690-691; *People v. Mendoza Tello, supra,* 15 Cal.4th at pp. 266-267.)

We have examined the entire record and are satisfied appellant's attorney has fully complied with her responsibilities and no arguable issues exist.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

Disposition

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

GOODMAN, J.[*]

We concur:


TURNER, P.J.


KRIEGLER, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.